PHEBE E. MASON *vs.* W. MORRIS WILLIAMS *et al.*

MAY 12, 1924.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

VINCENT, J. This is an action for covenant broken. It was begun in the District Court of the Sixth Judicial District where the plaintiff obtained a decision for $250.00 and costs. A jury trial was claimed by the defendants and the case was tried in the Superior Court before a justice thereof sitting with a jury. At the close of the testimony for the plaintiff the trial court, on motion, directed a verdict for the plaintiff for $257.50, being the amount claimed with interest.

The case is now before us upon the exceptions of the defendants to various rulings of the trial justice and to the direction of a verdict in favor of the plaintiff. Five grounds of exception are specified but as the defendants by their brief do not apparently rely upon the fourth and fifth grounds of exception they may be deemed to be waived. The first three grounds of exception relate to the admission in evidence of the lease for breach of which the suit has been brought. The defendants claim that such lease was not sufficiently identified to warrant its introduction in evidence.

It appears from the record that the defendants, William A. Heathman, W. Morris Williams, and James M. Stockett, Jr., leased from the plaintiff, Phebe E. Mason, under and

by an instrument in writing, a certain estate located in the town of East Providence for the purpose of instituting a club to be called the Pequot Country Club. The lease covered a period of five years from July 1, 1921 with a yearly rental of $600.00 per year, payments of $50.00 to be made each month.

The defendants entered into possession of the premises described in the lease and paid the rent in accordance with the terms thereof, including the rent for November, 1922, which was paid on January 6, 1923. It does not appear to be disputed that at the time the plaintiff commenced her suit the rent was five months in arrear.

At the trial in the Superior Court it appeared that the plaintiff had been a sufferer from a paralytic shock for several months and was unable to appear in court. The only witness for the plaintiff was her daughter E. Pearl Mason who testified that she had been with her mother constantly during her illness; that she had attended to her mother's mail; had deposited all checks received from the defendants and that none were ever received except through the mail.

The plaintiff offered the lease in evidence to which the defendants objected on the ground that it had not been sufficiently identified.

The witness E. Pearl Mason testified that she had acted for her mother in connection with the matter of the lease, and when shown such lease and asked what it was she said, "That is the document that we had when the lease was signed." While this answer of the witness may not be conspicuous for its clearness it would seem to indicate that the document in question was the lease which had been acted upon by the parties and under which rent had been paid by the defendants and received by the plaintiff.

Inasmuch as Mr. Heathman was a lessee and one of the defendants, as well as counsel for the defendants at the trial, he could not reasonably claim to be unacquainted with the paper introduced by the plaintiff. It seems to us that the

objection was interposed for the purpose of delay and in an attempt to temporarily avoid the consequences of a contract upon which the defendants had made themselves obligated.

Rule 18 of the Rules of Practice of the Superior Court is as follows: "The signature of any party to an instrument in writing, where such instrument is counted upon as the cause or basis of the action, need not be proved to sustain the action, unless a notice to prove the same accompanies the plea, or unless, upon motion and for cause shown, before the cause is called for trial, it be otherwise ordered."

It is not claimed that any notice had been given to prove signatures nor that any order had been entered to that effect.

The defendants' exceptions are all overruled and the case is remitted to the Superior Court with direction to enter judgment upon the verdict as directed, with treble costs.

*Alfred S. and Arthur P. Johnson,* for plaintiff.
*William A. Heathman,* for defendant.